## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CD LIQUIDATION CO., LLC, f/k/a CYNERGY DATA, LLC, *et al.*, | Case No. 09-13038 (KG) |
| | Jointly Administered |
| Debtors. | **Re: Docket No. 1554** |

## MARCELO PALADINI'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER SUPPORT OF HIS OBJECTION TO MOTION BY MONERIS SOLUTIONS AND BMO HARRIS BANK NA TO ENFORCE SETTLEMENT AGREEMENT AND FOR RELATED RELIEF

Marcelo Paladini ("Paladini") respectfully moves this Court (the "Motion") for entry of an order, pursuant to Local Bankruptcy Rules 1001-1(c) and 9006-1(d), granting Paladini leave to file a sur-reply (the "Sur-Reply") to the *Reply in Further Support of Motion of Moneris Solutions, Inc. and BMO Harris Bank N.A. for an Order (1) Enforcing (A) the Order Approving that Certain Settlement Regarding Reconciliation of Amounts Related to the Rolling Reserve Fund, (B) the Order Confirming the Joint Plan of Liquidation of CD Liquidation Co., LLC, CD Liquidation Co. Plus, LLC, and Cynergy Data Holdings, Inc. and (C) Compliance with the Joint Plan of Liquidation of Debtors and (2) Enjoining Marcelo Paladini* [Docket No. 1554] (the "Reply") or to strike the Reply. In support of this Motion, Paladini states as follows:

1.     On August 31, 2012, Moneris Solutions, Inc. and BMO Harris Bank N.A. (hereinafter "Moneris") filed *Motion of Moneris Solutions, Inc. and BMO Harris Bank N.A. for Order (1) Enforcing (A) the Order Approving that Certain Settlement Regarding Reconciliation of Amounts Related to the Rolling Reserve Fund, (B) the Order Confirming the Joint Plan of Liquidation of CD Liquidation Co., LLC, CD Liquidation*

*Co. Plus, LLC, and Cynergy Data Holdings, Inc. and (C) Compliance with the Joint Plan of Liquidation of Debtors and (2) Enjoining Marcelo Paladini* [Docket No. 1549] ("Moneris Motion").

2.      On October 10, 2012, Paladini filed his *Objection by Marcelo Paladini to Motion by Moneris Solutions and BMO Harris Bank NA to Enforce Settlement Agreement and for Related Relief* [Docket No. 1551].

3.      On October 24, 2012, Moneris filed its Reply. Responding to Paladini's argument that his claims were not enjoined, but expressly preserved, Moneris advanced two previously un-raised arguments that Paladini respectfully submits warrant a sur-reply.

4.      Movant may not raise new arguments in a reply. *See, e.g., Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (finding that "[an] issue is waived unless a party raises it in its opening brief") (internal citations omitted); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 161 n.15 (3d Cir. 2010) (noting that plaintiff waived argument that was raised for the first time in its reply brief).

5.      Where a movant improperly raises a new argument in its reply, courts permit non-movants to file sur-replies. *See, e.g., Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 652 (3d Cir. 2003) (noting that district court "properly" allowed plaintiff to file a sur-reply to respond to arguments raised for the first time in defendant's reply brief); *Tristate HVAC Equip., LLC v. Big Belly Solar, Inc.*, No. 10-1054, 2010 WL 4139285, at *8 n.8 (E.D. Pa. Oct. 20, 2010) (noting that a party could have filed sur-reply brief to respond to arguments raised for the first time in opponent's reply brief) (citations

omitted); *U.S. Home Corp. v. Powers*, No. 09-2807, 2010 WL 1328380, at *1 n.1 (D. Md. Mar. 25, 2010) (permitting party to file sur-reply to respond to matters raised for the first time in reply).

6.     Alternatively, courts will disregard replies that contain positions raised for the first time. *See, e.g., Teleconference Sys. v. Proctor & Gamble Pharm.*, 676 F. Supp. 2d 321, 322 n.13 (D. Del. 2009) ("Issues raised for the first time in a reply brief should not be heard.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO*, 26 F.3d 375, 398); *Mitchell v. C&S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 273655, at *6 (D.N.J. July 8, 2010) ("Because Defendants raise this issue for the first time in its reply, the Court will not consider this argument.")

7.     Paladini respectfully submits that the accompanying Sur-Reply will assist the Court in its resolution of the Motion by addressing issues that have not been addressed before.   Alternatively, Moneris's Reply should be stricken because it raises new issues.

## CONCLUSION

For the foregoing reasons, Paladini respectfully requests the Court to enter an

Order, substantially in the form attached hereto as Exhibit A, allowing Paladini to file the

Sur-Reply, in the form attached hereto as Exhibit B, or striking Moneris's Reply, and

granting such other and further relief as the Court deems proper.

Dated: November 20, 2012
      Wilmington, Delaware

                        **ELLIOTT GREENLEAF**

                        Eric M. Sutty (No. 4007)
                        Jonathan M Stemerman (No. 4510)
                        1105 Market Street, Suite 1700
                        Wilmington, Delaware 19801
                        Tel: (302) 384-9400
                        Fax: (302) 384-9399
                        ems@elliottgreenleaf.com
                        jms@elliottgreenleaf.com

                              *-and-*

                        ASCHETTINO STRUHS LLP
                        Stephen A. Aschettino (SA4072)
                        Naomi D. Johnson (NJ1566)
                        1500 Broadway, 21st Floor
                        New York, New York 10036
                        Tel: (212) 354-7600
                        Fax: (866) 260-5527

                        *Attorneys for Marcelo Paladini*

4